UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**04 MBD 10128**

| | |
|---|---|
| ALLEN A. MITCHELL, M.D., <br> SAMUEL M. LESKO, M.D., <br> TRUSTEES OF BOSTON UNIVERSITY, <br><br> Plaintiffs, <br><br> vs. <br><br> KERRY LANGSTAFF and <br> BRADSHAW LANGSTAFF, <br> Individually, and on Behalf of <br> KAITLYN SIERRA LANGSTAFF, <br> a minor child, <br><br> Defendants. | Civil Action No. 04 -MBD- <br><br> **Related Civil Action:** <br> United States District Court for the Northern District of California, San Jose Division, Civil Action No. 03-CV-01116-HRL <br> KERRY LANGSTAFF and <br> BRADSHAW LANGSTAFF, <br> Individually, and on Behalf of <br> KAITLYN SIERRA LANGSTAFF, <br> a minor child, <br> vs. <br> MCNEIL CONSUMER & <br> SPECIALTY PHARMACEUTICALS, <br> a Division of MCNEIL-PPC, INC.; and <br> JOHNSON & JOHNSON. |

<u>PLAINTIFFS' MOTION TO QUASH DEPOSITION SUBPOENAS
AND SUBPOENAS DUCES TECUM
PURSUANT TO FED. R. CIV. P. 45(c)(3)(A) and (B)</u>

Pursuant to Fed. R. Civ. P. 45(c)(3)(A) and (B), Plaintiffs, Allen A. Mitchell, Samuel M. Lesko, and Trustees of Boston University (collectively "Plaintiffs") move to quash the subpoenas issued to Drs. Mitchell and Lesko by the plaintiffs in the case of <u>Langstaff, et al. v. McNeil Consumer & Specialty Pharmaceuticals, et al.</u>, currently pending in the United States District Court for the Northern District of California.[1] Plaintiffs' motion is based on the following:

---

[1] The term "Langstaff Plaintiffs" will be used to refer to the plaintiffs in the underlying case of <u>Langstaff, et al. vs. McNeil, et al.</u>, Civil Action No. 03-CV-01116-HRL, United States District Court for the Northern District of California).

Drs. Mitchell and Lesko should not be subject to deposition because they fall within the protections of Rule 45(c)(3)(B)(ii) and Langstaff Plaintiffs have not made a showing of a substantial need for their testimony that cannot otherwise be met without undue hardship. The factors to be considered, as set forth in the test described in Kaufman v. Edelstein, 539 F.2d 811, 822 (2d Cir. 1976), and cited with approval by the Federal Rules Advisory Committee, militate against allowing these depositions to go forth.

Langstaff Plaintiffs are on a fishing expedition. Kaitlyn Langstaff suffered an event that was not identified in any child in the Boston University Fever Study. Langstaff Plaintiffs' demands for deposition and documents would only be relevant, therefore, if Langstaff Plaintiffs were seeking to show that Drs. Mitchell and Lesko, either on their own or with the collusion of McNeil, designed, conducted, or analyzed the study in such a way as to specifically eliminate from the study any occurrence of SJS/TEN. Langstaff Plaintiffs have not provided even a scintilla of evidence in support of such an allegation. Their demands, therefore, are designed either as a fishing expedition or to intimidate Drs. Mitchell and Lesko, or both.

Further, this Court should exercise its discretion to quash the burdensome subpoenas duces tecum served upon Drs. Mitchell and Lesko because many of the requests are duplicative of discovery materials that have already been provided to Langstaff Plaintiffs by McNeil Consumer and Specialty Pharmaceuticals ("McNeil"). Requiring Drs. Lesko and Mitchell to expend substantial time and resources to locate and make available for inspection the identical documents is burdensome and unnecessary.

The subpoenas seek production of confidential contracts, communications, and business dealings between Drs. Mitchell and Lesko, the Slone Epidemiology Center at Boston University ("Slone"), and McNeil, including copies of private contracts between Slone and McNeil.

Langstaff Plaintiffs can make no showing that a fishing expedition into the general business relationship between Slone and McNeil has any relevance to their lawsuit against McNeil, and they have no reasonable basis for seeking such documents other than to harass Drs. Mitchell and Lesko or to obtain confidential research, development or commercial information in violation of Rule 45(c)(3)(B).

The subpoenas seek disclosure of the names and addresses of the approximately 1,700 physicians who participated in the Boston University Fever Study. Providing such information will chill physicians' cooperation in ongoing research studies if, as a consequence of participation, the physicians are contacted by Langstaff Plaintiffs seeking to verify information obtained from researchers about them. Such physicians might also knowingly or unknowingly provide information that would allow Langstaff Plaintiffs to identify particular patients.

Finally, the subpoenas contain requests that bear virtually no relevance to the subject matter of the litigation, and the resources necessary to obtain the information requested is highly disproportionate to the relevance of the information.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), Plaintiffs hereby request oral argument. In addition, in the interest of resolving this discovery dispute expeditiously, Plaintiffs hereby request an expedited hearing in this matter.

## LOCAL RULE 7.1(a)(2) CERTIFICATION

The undersigned hereby certifies, pursuant to Local Rule 7.1(a)(2), that counsel for Plaintiffs has made efforts to confer with counsel for Defendants in order to attempt in good faith to resolve the issues presented in this Motion to Quash Subpoenas but was unable to do so.

Respectfully submitted,

ALLEN A. MITCHELL, SAMUEL M. LESKO,
TRUSTEES OF BOSTON UNIVERSITY,
By their attorney,

*Erika Geetter*

Erika Geetter (BBO #635083)
Boston University
Office of the General Counsel
125 Bay State Road
Boston, Massachusetts 02215
phone: (617) 353-2326
fax: (617) 353-5529

Date: April 28, 2004

### CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each other party (by mail)/by hand.

Date: April 28, 2004   *Erika Geetter*

- 4 -